IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2009 JUN -3 PM 2:27

CLERK _L. Glendan_
SO. DIST. OF GA.

PHIL NORMAN, III,                )
                                 )
        Plaintiff,               )
                                 )
    v.                           )        CV 109-029
                                 )
FPL FOODS, LLC, et al.,          )
                                 )
        Defendants.              )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff filed the above-captioned employment discrimination complaint *pro se* and

is proceeding *in forma pauperis* ("IFP"). As Plaintiff's complaint was filed IFP, it must be

screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir.

1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner,

404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any

part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may

be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

Accordingly, on March 24, 2009, the Court reviewed Plaintiff's complaint in

conformity with the IFP statute. Because of pleading deficiencies, Plaintiff was directed to

file an amended complaint. (Doc. no. 4). Plaintiff submitted an amended complaint, (doc.

no. 5), and it is this document that the Court will now screen.

# I. BACKGROUND

*Liberally* construing Plaintiff's amended complaint, the Court finds the following.

Plaintiff names as Defendants: (1) FPL Foods, LLC ("FPL"); (2) Joanna Screen; (3) Janie May; (4) Veronica Seaborn; (5) Robert Shepard; and (6) Ronnie Mitchell. (Doc. no. 5, p. 1). Plaintiff, who was apparently a line leader at a factory run by Defendant FPL, previously filed a charge against his employer alleging that he was discharged on the basis of his sex. (See id. at 8).[1] According to Plaintiff, Defendants Screen, May, Seaborn, Shepard, and Mitchell are all employees of Defendant FPL. (Id. at 5). On October 3, 2007, Plaintiff alleges that Defendant May, one of his co-workers, cursed at him while he was in the "supply cage" getting his "personal protective equipment." (Id. at 5-6). Plaintiff states that an individual he identifies simply as "Thomas (Plant Manager)" was notified of this incident but apparently did nothing in response. (Id. at 6). Plaintiff also contends that Defendant May cursed at him on several other unspecified occasions. (Id.).

Plaintiff goes on to allege that on November 4, 2007, Defendant Shepard directed him to give certain instructions to Defendant Screen, another of Plaintiff's co-workers. (Id. at 5). In response, Defendant Screen allegedly cursed at Plaintiff. (Id.). On January 28, 2008, Defendant Screen apparently cursed at Plaintiff again and threatened to physically assault him. (Id.). Plaintiff maintains that he reported these incidents regarding Defendant Screen to Defendants Shepard and Mitchell, but nothing was done. (Id.). According to Plaintiff, Defendants Shepard and Mitchell told him that he "should be the one to take the fall"

---

[1]Plaintiff received notice of his right to sue in a letter dated December 3, 2008. (See doc. no. 5, p. 9).

because he was the line leader. (Id. at 6). Without providing any factual details, Plaintiff

states in rather conclusory terms that individuals identified as "Mary (Eva) Gonzalez" and

"Keisha" also cursed at him on one occasion. (Id.). Based on Plaintiff's request for relief

in the form of "back pay from [the] date of termination," (id. at 7),[2] the Court concludes that

Plaintiff was terminated at some point following these incidents, though he does not provide

the date or underlying reasons for his termination.

## II.  DISCUSSION

### A.    Claims Against Individual Employees

While Plaintiff names Veronica Seaborn as a Defendant in the caption of his

amended complaint, nowhere in the statement of his claim does he make any allegations of

wrongdoing against her.  Though decided in the context of a prisoner complaint brought

pursuant to 42 U.S.C. § 1983, the Eleventh Circuit recently held that a district court properly

dismisses defendants where a plaintiff, other than naming the defendant in the caption of the

complaint, fails to state any allegations that associate the defendants with the alleged

misconduct.  Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing Pamel Corp.

v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical

niceties in pleading, we must demand that the complaint state with some minimal

particularity how overt acts of the defendant caused a legal wrong.")).  In the absence of any

allegations against Defendant Seaborn connecting her with any type of misconduct, Plaintiff

fails to state a claim for relief against her.

---

[2]Plaintiff also requests as relief unemployment benefits and compensation for his pain
and suffering.  (Doc. no. 5, p. 7).

3

Even if Plaintiff had made allegations against Defendant Seaborn, he still would have failed to state a claim for relief against her, as well as Defendants May and Screen. It is well-settled that the proper defendant in a Title VII case is the plaintiff's employer, not individual employees. See Cross v. State of Ala., State Dep't of Mental Health, 49 F.3d 1490, 1504 (11th Cir. 1995).

> The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act. We think the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly.

Id. (quoting Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991)). As it appears that Defendants Screen, May, and Seaborn are simply individual employees of Defendant FPL who allegedly cursed and/or threatened Plaintiff, and did not work in a supervisory capacity regarding the employment decisions that were made in relation to the incidents alleged by Plaintiff, they are not proper Defendants in this Title VII action.

Neither may Plaintiff sue Defendants Shepard and Mitchell in their individual capacities, despite their supervisory nature of their positions. See Braden v. Piggly Wiggly, 4 F. Supp. 2d 1357, 1364 (M.D. Ala. 1998) (dismissing individual capacity claims against supervisory employee). To the extent Plaintiff wishes to sue his supervisors in their official capacities, this is also improper. As one court has explained, a suit "against an employee as agent of the employer is regarded as a suit against the employer itself." Prescott v. Indep. Life & Accident Ins. Co., 878 F. Supp. 1545, 1552 (M.D. Ala. 1995). Thus, in a Title VII action, a court properly dismisses employees sued in their official capacities where the plaintiff also properly names his employer as a defendant. See Portera v. State of Ala. Dep't

4

of Fin., 322 F. Supp. 2d 1285, 1287-88 (M.D. Ala. 2004) (dismissing as "redundant" claims against a supervisory employee in his official capacity where employer was already named as a defendant); Prescott, 878 F. Supp. at 1552 (dismissing official capacity claims against supervisory employees where employer had "been properly named as a defendant"); see also Gibson v. Hickman, 2 F. Supp. 2d 1481, 1482 (M.D. Ga. 1998) (finding that naming the supervisory employees as defendants "add[ed] nothing to plaintiff's case" where plaintiff had sued her employer directly). Here, as individual employees are not proper defendants in a Title VII action and Plaintiff has named his employer, FPL Foods, LLC, as a Defendant in this lawsuit, Defendants Shepard and Mitchell are also not proper parties to this action.

**B.    Claim Against Defendant FPL**

As to Defendant FPL, even liberally construing Plaintiff's allegations and giving him the benefit of all reasonable inferences from those allegations, he has failed to state a claim under Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e *et seq.*[3] Although Plaintiff is apparently attempting to assert a claim for a hostile work environment, his allegations fall short of the mark. When asserting a claim for a hostile work environment, a plaintiff must show that: (1) he belongs to a protected group; (2) he has been subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic of the employee; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatory, abusive working environment; and

---

[3]The Court is aware that Plaintiff is not required to plead his cause of action with specificity; nonetheless, Plaintiff must provide enough information to give any named Defendant fair notice of the basis of his asserted claims. See Swierkiewicz v. Sorema N. A., 534 U.S. 506, 513-14 (2002).

(5) the employer was responsible for such environment under either a theory of vicarious or direct liability. Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002).

To begin, the Court liberally construes Plaintiff's allegations and assumes *arguendo* that Plaintiff's complaint establishes the first two elements under Miller, as he has alleged that he is a male employee who was subject to unwelcome comments by fellow employees who used foul language. However, Plaintiff has failed to put forth any evidence demonstrating that the alleged harassment was based on his gender. See id. at 1275. Moreover, as is the case with many litigants attempting to assert a hostile work environment claim, Plaintiff has failed to establish that the harassment he experienced was "sufficiently severe or pervasive to alter the terms and conditions of his employment . . . ." Id. To establish this fourth element of a hostile work environment claim, a plaintiff must demonstrate that "the harassing conduct created both an objectively hostile or abusive environment-one that a reasonable person would find hostile-and a subjective[ly] hostile or abusive environment-one that the victim subjectively perceives to be abusive." Brantley v. City of Macon, 390 F. Supp. 2d 1314, 1324 (M.D. Ga. 2005) (internal quotations and citations omitted). When determining whether a work environment is sufficiently hostile under this standard, there are four general factors to be considered: "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." Gupta v. Fla. Bd. of Regents, 212 F.3d 571, 584 (11th Cir. 2000). Stated differently, "a plaintiff must show that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe

6

to alter the conditions of the victim's employment and create an abusive working environment.'" Rojas v. Fla., 285 F.3d 1339, 1344 (11th Cir. 2002) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)).

More specific to this case, the Supreme Court has stated that "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998). Rather, the standard for asserting a hostile work environment claim is stringent and "sufficiently demanding to ensure that Title VII does not become a 'general civility code.'" Id. at 788 (quoting Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80 (1998)); see also Hartsell v. Duplex Prods., Inc., 123 F.3d 766, 773 (4th Cir. 1997) ("Title VII is not a federal guarantee of refinement and sophistication in the workplace . . . ."); Waite v. Blair, Inc., 937 F. Supp. 460, 468 (W.D. Pa. 1995) ("The mere fact that a work environment may prove to be intolerable to a particular employee does not necessarily implicate Title VII, since the civil rights laws do not guarantee a working environment free of stress.").

Notably, "employers are not under a legal duty enforceable by suits under Title VII to purify the language of the workplace." Carr v. Allison Gas Turbine Div., Gen. Motors Corp., 32 F.3d 1007, 1010 (7th Cir. 1994). As the Eleventh Circuit has stated, "Title VII does not prohibit profanity alone, however profane." Baldwin v. BlueCross/BlueShield of Ala., 480 F.3d 1287, 1301 (11th Cir. 2007); see also Pospicil v. Buying Office, Inc., 71 F. Supp. 2d 1346, 1356 (N.D. Ga. 1999) (citations omitted) (noting that because Title VII does not create a "general civility code for the American workplace . . . it therefore does not

protect workers from everyday foul language . . . ."); Blevins v. Heilig-Meyers Corp.,

52 F. Supp. 2d 1337, 1350-51 (M.D. Ala. 1998) (citations omitted) (finding that employees

who were offended by supervisor's use of foul language had not shown that the behavior was

sufficiently severe or pervasive so as to create a hostile work environment).

Here, Plaintiff describes three specific instances over the course of three months

where his co-workers cursed at him. While Plaintiff states that there were other occasions

where co-workers used foul language, he does not provide any factual detail in support of

these claims. The conduct Plaintiff describes is no doubt unbecoming and unprofessional.

However, based on the case law discussed above, the Court is not persuaded that this

behavior, even when considered in combination with the one alleged threat of physical

assault, is sufficiently pervasive and severe to establish a claim for a hostile work

environment under Title VII. See, e.g., Buckhanon v. Huff & Assocs. Constr. Co., 506 F.

Supp. 2d 958, 966-67 (M.D. Ala. 2007) (citations omitted) (finding that three instances of

derogatory language over a two month period did not rise to the level of frequency or show

a work environment permeated with hostility that has been found to be actionable under

Eleventh Circuit precedent). Accordingly, even construing Plaintiff's allegations liberally,

he has failed to state a claim for relief under Title VII.[4]

---

[4]Because Plaintiff has failed to establish that the alleged harassment was based on a
protected characteristic or the conduct was sufficiently pervasive or severe, the Court need not
determine whether Plaintiff has sufficiently alleged that his employer was directly or
vicariously responsible for the behavior. See Miller, 277 F.3d at 1275.

### III.  CONCLUSION

Because Defendants Screen, May, Seaborn, Shepard, and Mitchell are not proper parties to this Title VII action and because Plaintiff has failed to state a claim for relief against Defendant FPL Foods, LLC, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 3rd day of June, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE